Filed 3/14/22  P. v. Moss CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SPENCER MOSS,<br><br>  Defendant and Appellant. | F080647<br><br>(Super. Ct. No. 07CM7347HTA)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Meehan, J.

Defendant Spencer Moss appeals from a judgment extending his commitment as a mentally disordered offender (MDO) pursuant to Penal Code sections 2970 and 2972.[1] His counsel on appeal has filed an opening brief asking this court to conduct an independent review of the record pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  For the reasons set forth below, we affirm the judgment.

## BACKGROUND

In 2008, Moss was convicted of battery by a prisoner on a nonprisoner (§ 4501.5). In 2014, he was admitted to the State Department of State Hospitals pursuant to the Mentally Disordered Offender Act (MDOA) (§ 2960 et seq.).  On April 12, 2019, the district attorney filed a petition to extend the commitment.

Trial commenced on January 8, 2020.  Various psychiatrists and psychologists who treated Moss testified that he suffers from schizophrenia; makes delusional claims;[2] refuses to take medication voluntarily; fails to acknowledge his mental illness; has exhibited violent behavior; and should remain in a controlled and monitored setting.  On the other hand, Moss testified that he does not have a mental illness and the "claimed delusions . . . are true."  The jury found true the allegation that Moss "continues to suffer

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] Among other things, Moss asserted that he was one of J. Edgar Hoover's pallbearers as a second grader; he became friends with President Richard Nixon at Hoover's memorial service and "had him call [his sixth grade] class and speak to [the] class about world issues"; he "had been given a special license to carry a gun since he was 10 years old"; he "had been working with the L.A. Police Department at a young age catching sexual predators or store owners who sell liquor to underage individuals"; one of his work colleagues was actor Jack Webb, who was a police captain; he was kidnapped at the age of 13 or 14 but able to shoot his captor with a firearm delivered by "the FBI or SWAT" in a pizza box; he knew celebrities Gene Autry, Linda Carter, and Andy Griffith at or around the time of the kidnapping; at the age of 10, he had been sexually abused by his neighbor, who ended up being the district attorney who prosecuted him and sent him to prison; and he was a professional golfer, football player, and baseball player.

from a mental disease, defect or disorder, as a result of which he presently poses a substantial danger of physical harm to others . . . ."

## DISCUSSION

Moss's counsel on appeal filed an opening brief that summarizes the facts and raises the following potential issues: (1) whether the evidence was sufficient to establish that Moss met the MDO criteria; and (2) whether the court improperly admitted case-specific hearsay evidence in violation of *People v. Sanchez* (2016) 63 Cal.4th 665. He presents no argument for reversal and requests an independent review of the record pursuant to *Anders*, *supra*, 386 U.S. 738 and *Wende*, *supra*, 25 Cal.3d 436. Appellate counsel also states that he "has advised [Moss] of his right to file a supplemental brief. . . ."

In a letter dated October 14, 2020, we offered Moss an opportunity to file a personal supplemental brief. He has done so.

In the opening brief, appellate counsel acknowledges *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*). In that case, Division Six of the Second Appellate District held:

> "[T]he *Anders/Wende* review procedures do not apply to postconviction commitments under the MDOA. Such review is required only for 'appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right.' [Citation.] MDOA proceedings are expressly defined as civil in nature. [Citation.] Our Supreme Court has also identified the MDOA as 'a civil commitment scheme,' and we are bound by that characterization. [Citations.] The purpose of the MDOA is to provide treatment for those suffering from mental illness, not to punish them for their past crimes. [Citations.]" (*Id.* at p. 312, italics omitted.)

Appellate counsel "does not agree with this conclusion" but concedes that the *Taylor* holding "appears to be well established California law."

While we agree with *Taylor*, our case can be distinguished in one significant respect: unlike the appellant in *Taylor*, Moss filed a supplemental brief. (See *People v.*

*Cole* (2020) 52 Cal.App.5th 1023, 1040 ["[I]f the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)."]  In 18 handwritten pages, Moss expounds on his claims (see *ante*, fn. 2) and alleges that "state doctors have conspired to classify these histories as delusions."  We reject this argument.

The record on appeal demonstrates that Moss has a severe mental disorder that is not in remission or cannot be kept in remission without treatment and, by reason of this disorder, represents a substantial danger of physical harm to others.  (See § 2972.)  There is no evidence supporting a conspiracy by the testifying psychiatrists and psychologists. That Moss continues to insist in his supplemental brief that implausible events came to pass only serves to highlight the gravity of, and his poor insight into, his condition.

Having addressed and rejected Moss's argument, we will not independently review the record to search for additional issues.

## **DISPOSITION**

The judgment is affirmed.